IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEVEN LEE ADAIR,

        Petitioner,

v.

CHRIS RANKINS, Warden,[1]

        Respondent.

Case No. 23-CV-0061-JFH-SH

## OPINION AND ORDER

Before the Court is the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 ("Petition") filed by Petitioner Steven Lee Adair. Dkt. No. 1. Adair challenges the lawfulness of his custody under the criminal judgment entered against him in Washington County District Court Case No. CF-2014-400. Adair claims he is in state custody in violation of federal law because: (1) he is Indian, and the State of Oklahoma did not have jurisdiction to prosecute him for major crimes he committed in Indian country; (2) his attorney provided constitutionally deficient representation by failing to investigate and raise the Indian country jurisdiction claim; and (3) the prosecutor committed misconduct by prosecuting him when the State lacked jurisdiction. Respondent urges the Court to dismiss the Petition because Adair's claims are barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1) and because Adair did not exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A).

Having considered the Petition, Respondent's Response [Dkt. No. 8], Adair's Reply [Dkt. No. 9], the record of state court proceedings, and applicable law, the Court finds and concludes that the Petition shall be DISMISSED with prejudice as barred by the statute of limitations.

---

[1] Respondent's last name is Rankins. Dkt. No. 8 at 1 n.1. The Clerk of Court shall correct the record to show Respondent's name as Chris Rankins.

## BACKGROUND

In November 2015, Adair pleaded guilty to two counts of first-degree murder, one count of kidnapping, one count of assault and battery with a deadly weapon, and one count of attempted first-degree arson. Dkt. No. 8-2 at 10-11; Dkt. No. 8-3 at 6.[2] In exchange for his guilty pleas, the State agreed not to pursue the death penalty. *Id.* The trial court accepted Adair's guilty pleas and imposed two terms of life without the possibility of parole ("LWOP"), to be served consecutively to each other, and three terms of ten years' imprisonment, to be served concurrently with each other and with the first LWOP term. Dkt. No. 8-1. Adair did not move to withdraw his pleas or file a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA").[3] Dkt. No. 8-2 at 12; Dkt. No. 1 at 2.

In April 2021, Adair applied for postconviction relief in state district court. Dkt. Nos. 8-4, 8-5. Adair argued that the State violated his constitutional rights to due process because he is Indian, and the State did not have jurisdiction to prosecute him for crimes he committed in Indian country. Dkt. No. 8-4 at 2.[4] The state district court denied Adair's application in May 2021, concluding that Adair did not present any evidence to support his status as an Indian at the time of

---

[2] The Court's citations refer to the CM/ECF header pagination.

[3] Under Oklahoma law, a defendant convicted on a guilty plea must move to withdraw the plea within ten days of sentencing if the defendant intends to file a certiorari appeal in the OCCA. *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).

[4] In support of his Indian country jurisdiction claim, Adair primarily relied on the United States Supreme Court's July 2020 decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and the federal government thus has exclusive jurisdiction, under 18 U.S.C. § 1153(a), to prosecute Indians for committing certain crimes within the boundaries of that reservation. *McGirt*, 591 U.S. at 913, 932-34.

his offenses. Dkt. No. 8-6.[5] Adair did not file a postconviction appeal in the OCCA. Dkt. No. 8-2 at 13; Dkt No. 9 at 9-10.

Adair commenced this federal habeas action in February 2023, without counsel. Dkt. No. 1.[6] As previously stated, he raises three claims. First, he claims he is in state custody in violation of his constitutional right to due process because he is Indian, and the State did not have jurisdiction to prosecute him for crimes he committed in Indian country. Dkt. No. 1 at 12-21. Second, he claims his trial counsel provided constitutionally deficient representation, in violation of the Sixth Amendment, by failing to investigate and raise the Indian country jurisdiction claim. *Id.* at 21-25. Third, he claims the prosecutor committed misconduct, and deprived him of due process, by prosecuting him despite the State's lack of jurisdiction. *Id.* at 27-29.

Respondent contends the Petition should be dismissed because these claims are untimely and Adair did not exhaust available state remedies by fairly presenting them to the OCCA. Dkt. No. 8. Adair contends it is unconstitutional to apply the statute of limitations or require exhaustion when his criminal judgment is void for lack of jurisdiction. Dkt. No. 9.

## DISCUSSION

A federal court may grant federal habeas relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But "[t]o ensure that federal habeas

---

[5] In determining whether a criminal defendant is Indian for purposes of federal law, a "court must make factual findings that the defendant '(1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal government.'" *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001) (quoting *Scrivner v. Tansy*, 68 F.3d 1234, 1241 (10th Cir. 1995)). Further, the court must find that the defendant was an Indian, under this two-part test, at the time he or she committed the offenses. *United States v. Hatley*, 153 F.4th 1112, 1120-23 (10th Cir. 2025).

[6] Because Adair appears without counsel, the Court liberally construes the Petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

corpus retains its narrow role, [the Antiterrorism and Effective Death Penalty Act ("AEDPA")] imposes several limits on habeas relief, and [the Supreme Court] ha[s] prescribed several more." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). "And even if a prisoner overcomes all of these limits, he is never entitled to habeas relief. He must still 'persuade a federal habeas court that law and justice require [it]." *Id.* (alteration in original) (quoting *Brown v. Davenport*, 596 U.S. 118, 134 (2022)).

A.      **Request for Recusal**

As a preliminary matter, Adair suggests that this Court should recuse from this case under 28 U.S.C. § 455. Dkt. No. 9 at 1-4. Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Adair appears to contend he will be deprived of his right to an impartial tribunal if the undersigned adjudicates his Petition because the undersigned screened the Petition and directed Respondent to file a limited response addressing timeliness and exhaustion. Dkt. No. 9 at 1-4; *see* Dkt. No. 6 (directing Respondent to file limited response).

These circumstances do not provide a basis for recusal. Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*, directs a district judge to "promptly examine" a habeas petition and determine whether the petition should be summarily dismissed. That same rule provides that, if the judge determines that the petition should not be dismissed, the judge "must order the respondent to file an answer, motion, *or other response* within a fixed time, or *to take other action the judge may order*." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (emphases added). The commentary to this rule explains that Rule 4 "afford[s] the judge flexibility in a case where either dismissal or an order to answer may be inappropriate," for example, when dismissal may be warranted on procedural grounds like

4

"fail[ure] to exhaust state remedies." *See id.* (advisory committee notes, 1976 adoption, paragraph 5). Because this Court's application of Rule 4 to screen Adair's Petition and order a limited response addressing two procedural issues does not evidence impartiality, the Court DENIES Adair's request for recusal.

### B. Timeliness of Petition

State prisoners seeking federal habeas relief under 28 U.S.C. § 2254 have one year from the latest of four events to file a petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). For most prisoners the limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). A judgment is final, for purposes of § 2244(d)(1)(A), when the prisoner can no longer seek direct review of the judgment. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The prisoner bears the burden of showing that his limitations period commenced under a different provision of § 2244(d)(1). *Preston*, 234 F.3d at 1120. In some circumstances, the limitations period is tolled by statute and may be extended through equitable tolling. 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

### 1. Section 2244(d)(1)(A) provides the applicable limitations period.

Adair has not shown that any provision other than § 2244(d)(1)(A) applies. Instead, he appears to assert that no provision of § 2244(d)(1) applies because the State lacked jurisdiction to prosecute him. Dkt. No. 1 at 8-10; Dkt. No. 9 at 4-8. Contrary to Adair's position, a claim alleging an absence of jurisdiction in the convicting court is not exempt from § 2244(d)(1)'s one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period . . . it discerned no reason to provide a blanket exception for jurisdictional claims."); *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[L]ike any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely."). Moreover, case law in this circuit "make[s] clear" that in nearly all cases, "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions." *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (unpublished);[7] *see also Pacheco*, 62 F.4th at 1246 (rejecting petitioner's argument that *McGirt* announced a new constitutional right that would support application of § 2244(d)(1)(C) to calculate petitioner's limitations period).

Based on the foregoing, the Court considers only whether Adair's claims are timely under § 2244(d)(1)(A) and concludes they are not. Adair's judgment became final on November 16, 2015, when the time expired for him to move to withdraw his plea, the first and necessary step in pursuing direct review through a certiorari appeal to the OCCA. *Gonzalez*, 565 U.S. 150; *Clayton*,

---

[7] The Court cites all unpublished decisions herein for their persuasive value. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

700 F.3d at 441. His limitations period began to run the next day, November 17, 2015, and, absent any tolling events, expired one year later, November 17, 2016. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Absent statutory or equitable tolling, Adair's claims are time-barred.

### 2. Tolling is not available to extend the limitations period.

As Respondent contends, neither statutory nor equitable tolling is available. Dkt. No. 8 at 6, 10-12. Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." But statutory tolling is available only when a petitioner properly files an application before the applicable limitations period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). As just discussed, Adair's limitations period expired in November 2016. And he did not seek postconviction relief in state district court until April 2021, after his limitations period expired. The Court therefore finds that statutory tolling is not available.

To obtain equitable tolling, Adair must show that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And he bears "a strong burden to show specific facts" supporting his request for equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Even granting Adair the benefit of liberal construction afforded to self-represented litigants, the Court finds no specific facts in the Petition or the Reply showing either that Adair diligently pursued his federal habeas claims or that extraordinary circumstances prevented him from filing a habeas petition before his limitations period expired in 2016. The

Court thus finds no equitable reasons to toll the limitations period.[8]

## CONCLUSION

Based on the foregoing, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars Adair's request for federal habeas relief as to all three claims he identifies in the Petition. The Court therefore DISMISSES with prejudice the Petition. And because the statute of limitations presents a plain procedural bar, the Court DENIES a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) Adair's request for the undersigned to recuse, as asserted in the Reply [Dkt. No. 9] is DENIED; (2) the Petition [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; (3) a certificate of appealability is DENIED; and (4) a separate judgment of dismissal shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall correct the record to reflect Respondent's name is Chris Rankins.

Dated this 7th day of November, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[8] In rare cases, a credible claim of actual innocence may permit review of untimely claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, even generously construing the Petition and Reply, the Court discerns no credible claim of actual innocence. *See* Dkt. Nos. 1 and 9, generally. As Respondent contends, Adair's primary complaint is that his criminal judgment is "void" because he was tried in the wrong court, and this complaint does not implicate "actual innocence" for purposes of applying *Perkins*'s equitable exception to the statute of limitations. Dkt. No. 8 at 12-14; *see Pacheco*, 62 F.4th at 1241-46 (discussing *Perkins* and stating its exception did not apply to permit review of an untimely Indian country jurisdiction claim because the habeas petitioner's "actual-innocence claim is not based on evidence regarding what she did, but on where she did it").